UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HEATHER MARIE GREENE,<br>            Plaintiff | )<br>)<br>)<br>) | |
| v. | )<br>)<br>) | Civil Action No. 11-30084-KPN |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>            Defendant | )<br>)<br>)<br>)<br>) | |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANT'S
MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER
(Document Nos. 16 and 19)
April 12, 2012

NEIMAN, U.S.M.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits pursuant to 42 U.S.C. § 405(g). Heather Marie Greene ("Plaintiff") asserts that the Commissioner's decision denying her such benefits -- memorialized in an October 28, 2010 decision of an administrative law judge -- is not supported by substantial evidence. She has filed a motion for judgment on the pleadings and the Commissioner, in turn, has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the court will deny Plaintiff's motion and allow the Commissioner's motion to affirm.

I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. *Rodriguez*, 647 F.2d at 222; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987). A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In the end, the court maintains the power, in appropriate circumstances, "to enter . . . a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand [ ] the cause for a rehearing." 42 U.S.C. § 405(g).

II. BACKGROUND

Plaintiff applied for SSDI benefits on December 15, 2008.  (Administrative Record ("A.R") at 137-40.)  After Plaintiff's claim was denied both initially and upon reconsideration, she requested a hearing before an administrative law judge ("ALJ").  The hearing was held on September 9, 2010; both Plaintiff, twenty-five years old at the time, and a vocational expert testified.  (A.R. at 30.)

In a decision dated October 28, 2010, the ALJ denied Plaintiff's claim.  (A.R. at 71-82.)  Plaintiff was thereafter informed that the Commissioner's Decision Review Board had selected the decision for review.  (A.R. at 1.)  However, because the Board failed to complete its review within the ninety days allotted, the ALJ's decision became the final decision of the Social Security Administration.  (A.R. at 1-3.)  In due course, Plaintiff filed the instant action, the Commissioner compiled the administrative record, and the parties submitted the cross-motions presently at issue.

### III. DISABILITY STANDARD AND THE ALJ'S DECISION

An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to its expiration, is disabled.  See 42 U.S.C. § 423(a)(1)(A) and (D).  Plaintiff's insured status has not been challenged.  The Social Security Act (the "Act") defines disability, in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is considered disabled under the Act

> only if h[er] physical and mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education,

>and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A). *See generally Bowen v. Yuckert*, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

>First, is the claimant currently employed? If [s]he is, the claimant is automatically considered not disabled.
>
>Second, does the claimant have a severe impairment? A "severe impairment" means an impairment "which significantly limits the claimant's physical or mental capacity to perform basic work-related functions." If [s]he does not have an impairment of at least this degree of severity, [s]he is automatically not disabled.
>
>Third, does the claimant have an impairment equivalent to a specific list of impairments in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.
>
>    . . . .
>
>Fourth . . . does the claimant's impairment prevent h[er] from performing work of the sort [s]he has done in the past? If not, [s]he is not disabled. If so, the agency asks the fifth question.
>
>Fifth, does the claimant's impairment prevent h[er] from performing other work of the sort found in the economy? If so [s]he is disabled; if not [s]he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found as follows with respect to these questions: Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability (question 1). Plaintiff suffers from "severe" impairments, namely, chronic fatigue syndrome ("CFS") and endometriosis, but these impairments do not meet or medically equal a listed impairment (questions 2 and 3). Continuing, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work subject to certain limitations and is able to perform work that exists in significant numbers in the national economy (questions 4 and 5). Therefore, the ALJ determined, Plaintiff is not disabled within the meaning of the Act.

## IV. DISCUSSION

Plaintiff argues that remand is necessary because the ALJ's disability findings are not supported by substantial evidence and his conclusion as to Plaintiff's RFC was not properly reflected in a hypothetical to the vocational expert. In response, the Commissioner asserts that the record supports the ALJ's findings. For the following reasons, the court finds that the Commissioner has the better argument.

A. Plaintiff's Residual Function Capacity

Plaintiff, in arguing that the ALJ's RFC assessment was not supported by substantial evidence, alleges no specific error in the ALJ's decision and disputes none of the ALJ's characterizations of the evidence. Instead, in what has become a too common practice, Plaintiff's counsel merely summarizes evidence in the record that she believes supports her client's argument that she is disabled. It is well settled, however, that the existence of such evidence, "or, indeed, evidence contrary to the ALJ's

5

findings, does not extinguish the substantial evidence supporting the ALJ's findings." *Fernung v. Astrue*, 2011 WL 1234784, at *10 (S.D. Ohio Jan. 26, 2011); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."); *see also Rodriguez Pagan v. Sec'y of Health and Human Servs*, 819 F.2d 1, 3 (1st Cir. 1987) (resolving evidentiary conflicts is the administrative law judge's prerogative). In essence, Plaintiff has done only half the work required. Plaintiff must show not only the existence of evidence in the record *supporting* her position but must also demonstrate that the evidence relied on by the ALJ is either insufficient, incorrect, or both. Plaintiff has failed to do that here.

In assessing Plaintiff's RFC, the ALJ concluded that Plaintiff could perform light work "except she would be limited to simple and unskilled tasks. She would need to avoid heights, ladders, ropes, or scaffolds. [Plaintiff] would be limited to only occasional climbing of ramps and stairs; stooping; crouching; crawling; or kneeling. She would need to avoid the extreme cold, vibrations, and dangerous machinery." (A.R. at 76-77.) Now, arguing that she has exertional limitations beyond those which the ALJ found, Plaintiff cites four categories of medical documents: (1) treatment records from the Fibromyalgia & Fatigue Center, (2) the medical evaluation by Dr. Daniel Dress, (3) the medical evaluation by Dr. Peter Schur, and (4) medical evaluations by her primary care physician, Dr. Sheri Cheung. Having considered this evidence, the court finds no error in the ALJ's assessment.

As an initial matter, the court finds reasonable -- and Plaintiff does not challenge -- the ALJ's decision to accord Dr. Dress's opinion "little weight." (A.R. at 80.) Dr. Dress, despite indicating that he believed Plaintiff suffered exertional limitations as a result of her CFS, did not state what those limitations were and provided little explanation as to how he formed his opinion. *See DiBenedetto v. Barnhart*, 2004 WL 1385845, at *8 (D. Mass. June 16, 2004) (concluding that social security regulations "direct that medical opinions unsupported by relevant evidence or explanations not be given substantial weight.") (citing 20 C.F.R. § 404.1527); *see also* Cox *v. Astrue*, 2010 WL 3120593, at *7 (W.D. Wash. July 9, 2010) ("A treating physician's opinion may be discounted if it contains checkbox assessments without sufficient narrative to explain the basis for the opinion.").

Similarly, the 2008 reports from the Fibromyalgia & Fatigue Center do not support a finding of any limitations beyond those identified by the ALJ. In fact, the physician evaluations do not mention any physical limitations at all; rather, the reports actually indicate that Plaintiff's condition was improving. The June 2008 report states that, while Plaintiff continued to suffer from fatigue, all of her other symptoms were "doing well" and that any pain associated with her condition had decreased. (A.R. at 205.) Likewise, the following and most recent report from July 2008 notes that Plaintiff's fatigue had decreased, her energy levels had increased, her pain had further decreased, and her sleep habits had improved. (A.R. at 203, 205.)

Plaintiff also argues that Dr. Schur's assessment supports limitations beyond those identified by the ALJ. The court disagrees. First, Plaintiff mischaracterizes Dr.

7

Schur's disability assessment as having simply opined that Plaintiff was "disabled." (Plaintiff's Memorandum at 9.) In fact, although Dr. Schur believed Plaintiff might be disabled, he stated that it would "hopefully [be] no more than a few months on the assumption that the above therapeutic measures will improve things." (A.R. at 286.) Similarly, while Plaintiff correctly asserts that Dr. Cheung noted Plaintiff's continued fatigue, her most recent opinion indicates a "good" prognosis and left blank the space where she was asked to indicate how Plaintiff's fatigue restricts her functional limitations. (A.R. at 290.) In light of these records and the substantial evidence referred to by the ALJ in his decision, the court finds that the ALJ's RFC assessment was more than adequately supported by substantial evidence.

B.  The ALJ's Hypothetical

In posing a hypothetical question to the vocational expert, the ALJ asked whether jobs exist in substantial numbers in the national economy for an individual whose work "should be outside of environments having more than *incidental* exposure to extremes of col or vibration. Work should not be around dangerous moving machinery." (A.R. at 54) (emphasis added). In his written decision, however, the ALJ concluded in his RFC assessment that Plaintiff "would need to *avoid* the extreme cold, vibrations, and dangerous machinery." (A.R. at 77) (emphasis added). Plaintiff argues that the distinction is meaningful and, thus, that the ALJ impermissibly drew his own conclusions regarding limitations that were not properly presented to the vocational expert. Again, the court disagrees.

An administrative law judge's failure to use in his RFC assessment the exact

language of a posed hypothetical does not automatically render his findings erroneous. Rather, the difference must be material in order to potentially constitute an error. *See Hayes v. Astrue*, 2010 WL 5348757, at *3 (D. Me. Dec. 20, 2010) (finding that administrative law judge's use of the "shorthand phrase 'unskilled tasks'" in a hypothetical to a vocational expert adequately captured physician's finding that claimant had moderate difficulties in maintaining concentration, persistence or pace); *see also Wentz v. Comm'r of Soc. Sec.*, 2010 WL 4269393, at *1 (9th Cir. Oct. 26, 2010) (finding immaterial the discrepancy between the phrases "simple 1, 2, 3" and "simple, routine, repetitive work."); *Tucker v. Astrue*, 2012 WL 874299, at *10 (N.D. Okla. Mar. 14, 2012) (finding discrepancy in the wording of RFC and the hypothetical to the vocational expert "minor enough not to undermine confidence in the determination of [the] case") (internal quotation marks omitted).

Here, the court finds any discrepancy between the ALJ's hypothetical and the RFC immaterial. The vocational expert testified that Plaintiff could perform jobs as a laundry worker, cashier, and cafeteria attendant. (A.R. at 81.) Given that, as the Commissioner points out, these jobs never require exposure to extreme cold, vibration or dangerous machinery, *see* U.S. Dep't of Labor, <u>Selected Characteristics of Occupations</u> at 313, 333, 367, there is no indication that the vocational expert's testimony would have been any different had the ALJ used the word "avoid" in lieu of "incidental." Under these circumstances, the court finds remand unnecessary.

V.  C<span style="font-variant:small-caps">onclusion</span>

For the reasons stated, Plaintiff's motion is DENIED and the Commissioner's

motion to affirm is ALLOWED.

SO ORDERED.

DATED:   April 12, 2012

                                         /s/   Kenneth P. Neiman
                                         KENNETH P. NEIMAN
                                         U.S. Magistrate Judge